Robertson, Ch. J.
By thevterms of the former lease, the defendant Andrew Schilling was "bound to give the plaintiff a new lease, only in case such defendant had not “ disposed of ” the premises before the expiration of such first lease. The plain meaning of this was, that if the defendant Andrew Schilling did not so retain the control of such premises as to be able to make his lease to the. plaintiff effectual for any purpose, he was not bound by his covenant. It was not necessary for that purpose that he should sell the premises; he might give them away, provided there was no secret agreement to return them • to him. It appears from the testimony of both Andrew and Frederick Schilling, that the former gave such premises to the latter, as an advancement to put him on a footing with other children to whom advancements had been made. This he had a perfect right to do, and thereby divest himself of all interest in such *545 premises, so as to render a lease by him utterly nugatory. There does not appear to be any thing suspicious in the transaction. The time selected for the gift was just before the end of the lease, when the holder of a mortgage was pressing for payment, and no sale could be made of the premises, while subject to the plaintiff’s claim. He refused to purchase, and the defendant Andrew Schilling provided for his son, and enabled him to sell the premises and pay the mortgage. There must therefore be judgment for the defendant, dismissing the complaint with costs.
The defendant can draw and present findings of fact and a judgment to be signed.